IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Stanley Lee Moultrie, #307351, | ) CIVIL ACTION NO. 9:15-0198-DCN-BM |
| Petitioner, | ) |
| v. | ) **REPORT AND RECOMMENDATION** |
| NFN Reynolds, Warden of Lee Correctional Institution, | ) |
| Respondent. | ) |

This action was filed by the Petitioner, an inmate at the Lee Correctional Institution, part of the South Carolina Department of Corrections (SCDC), pursuant to either 28 U.S.C. § 2241 or § 2254. In this Petition, Petitioner challenges a disciplinary conviction at the prison.

The Respondent filed a motion to dismiss on June 22, 2015 on the grounds that Petitioner failed to exhaust his administrative remedies before filing this federal Petition. As the Petitioner is proceeding pro se, a Roseboro order was entered by the Court on June 23, 2015, advising Petitioner of the importance of a dispositive motion and of the need for him to file an adequate response. Petitioner was specifically advised that if he failed to respond adequately, the Respondent's motion may be granted, thereby ending his case. Petitioner thereafter filed a memorandum in opposition, with attached exhibits, on July 28, 2015.

The Respondent's motion is now before the Court for disposition.[1]



---

[1]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 19.02(B)(2)(c), D.S.C. Respondent has filed a motion to dismiss. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

## Background and Evidence

Petitioner alleges in a verified § 2241 Petition that he was charged with a prison violation on May 22, 2014, but that even though prison policy required that his hearing be held by June 13, 2014, his hearing was not held until July 1, 2014, with Petitioner being served with an extension notice that same day. With respect to his appeal of this conviction, Plaintiff alleges that the "administrative court refused to review the appeal and dismiss the case [on] the grounds Petitioner failed to administratively exhaust review when prison officials policy prevent appeal on grounds of technicality . . . ." Petitioner requests that the final agency decision be vacated, and that "all sanctions [be] reinstated".[2] See § 2241 Petition (Court Docket No. 1-2). Petitioner also submitted a separate § 2254 Petition form in which he alleges that he was sentenced on July 1, 2014 as a result of a disciplinary hearing committee conviction on the charges of use of obscene vulgar profanity (818), disrespect (836), and refusing or failing to obey order (825). Plaintiff further alleges therein that his appeal to the South Carolina Administrative Law Court was "dismissed on procedural grounds". In this § 2254 form, Plaintiff repeats his claim that he was never notified of an extension of his hearing date until the day he appeared before the disciplinary committee on July 1, 2014, at which time he was given an extension form wherein prison officials had approved an extension on June 17, 2014,[3] four days after the "statutory deadline". Petitioner alleges that on July 1, 2014 he refused to sign the extension form, and that his due process rights were violated by his hearing being held on that date. See Petition (Court Docket No. 1).

---

[2]Giving Petitioner's Petition the liberal construction to which it is entitled, the undersigned assumes Petitioner actually means that he wants any sanctions imposed as a result of his disciplinary hearing vacated, not reinstated.

[3]Petitioner's Petition actually says "July 17, 2014". This is an obvious scrivener's error.

2

As attachments to the motion to dismiss, Respondent has submitted a copy of the transcript from Petitioner's disciplinary hearing on July 1, 2014. This transcript provides, in part, as follows:

> Hearing Officer: You were notified of this charge on May 29th, 2014 at approximately 10:25 p.m. I would like to state for the record that the Warden requested an extension through the Division of Operation, which was approved on [     ] June 17th, 2014, therefore, making this case still eligible to be heard today. [Petitioner] refused to sign this extension. Is that correct?
>
> Petitioner:    Yes ma'am.

Respondent's Exhibit A [Transcript], p. 2.

The transcript of the hearing further reflects that Petitioner then proceeded to plead guilty to all three of the disciplinary charges with which he had been charged. Id., p. 3.

Respondent has also provided a copy of the order of dismissal from the South Carolina Administrative Law Court, which reflects that Petitioner filed a Step 1 grievance with the Department of Corrections challenging his disciplinary convictions (Grievance No. LCI-814-14), which the Department refused to process because guilty pleas are non-grievable. The ALC order further reflects that Petitioner did not file a Step 2 grievance, and that therefore there was no indication that Petitioner had received a final agency decision for the grievance associated with the disciplinary convictions at issue.[4] As such, the Administrative Law Judge dismissed Petitioner's appeal to the ALC, finding

---

[4]This court can take judicial notice from previous cases filed in this Court that, under the S.C.D.C. Grievance procedure, inmate grievances are initiated by the inmate filing a Step 1 grievance form. If the grievance is denied by the Warden at Step 1, the inmate may then appeal the Warden's decision by filing a Step 2 appeal. See Aloe Creme Laboratories, Inc. v. Francine Co, 425 F.2d 1295, 1296 (5th Cir. 1970); see also Branton v. Ozmint, No. 08-2306, 2009 WL 1457144 at * 2 (D.S.C. May 22, 2009); Jenkins v. South Carolina Dept. of Corrections, No. 05-2800, 2006 WL 1083563 at * 5 (D.S.C. Apr. 18, 2006). Further, where a prisoner wishes to attack a conviction or sentence imposed by a prison disciplinary proceeding, he must then appeal the Step 2 decision to the state Administrative Law Court and complete that process before his remedies may be said to be

that before a Petitioner may "appeal a decision of the Department which jeopardizes his state - created liberty or property interests, he must first exhaust all administrative remedies. By failing to obtain a final decision from the Department, [Petitioner] failed to exhaust his administrative remedies and . . . thus failed to meet the requirements of the Administrative Procedures Act for review by this Court". See Respondent's Exhibit D [Order of Dismissal].

Finally, Respondent has submitted a copy of a printout from the South Carolina Judicial Systems Appellate Case Management System, reflecting that Petitioner did not appeal the ALC's December 2, 2014 Order of Dismissal to the South Carolina Court of Appeals. See Respondent's Exhibit C.

As attachments to his memorandum in opposition to the motion to dismiss, Petitioner has submitted a copy of the disciplinary hearing extension request showing that an extension of Petitioner's disciplinary hearing had been approved by the Division of Operations on June 17, 2014. The space wherein the inmate acknowledges notification of the hearing extension approval and receipt of a copy of same is blank on the exhibit. See Petitioner's Exhibit H-1. Petitioner has also submitted copies of an Incident Report dated May 22, 2014 relating to the disciplinary charges he incurred, as well as a copy of the Disciplinary Report and Hearing Record showing where he pled guilty to the charges on July 1, 2014. See Petitioner's Exhibits H-2 and H-3. Petitioner has also

---

exhausted. See SCDC Inmate Grievance System Procedures Issued 10-1-2010, Numbers 13.7-13.9 (requiring the inmate to appeal the result of a disciplinary hearing to the South Carolina Administrative Law Court); Furtick v. South Carolina Dep't of Corr., 649 S.E.2d 35 (S.C. 2007); see also Dicks v. South Carolina Dep't of Corr., No. 9:06-cv-663-HFF-GCK, 2006 WL 1207851 at *3 (D.S.C. 2006). Cf. Braden v. 30th Judicial Circuit Ct., 410 U.S. 484, 490-91 (1973); Meeks, 2010 WL 1050047. Cf. Lindsay v. McKie, No. 11-695, 2011 WL 7561515 at * 2 (D.S.C. Dec. 16, 2011)[Noting where ALC dismissed Petitioner's appeal of a prison disciplinary conviction where Petitioner had failed to exhaust Step 1 prison grievance], adopted on other grounds, 2012 WL 932017 (D.S.C. Mar. 19, 2012).

4

submitted a copy of his Step 1 inmate grievance (Grievance No. LCI-814-14) wherein he grieved his disciplinary conviction, and which reflects the Warden's decision to return the grievance unprocessed as a non-grievable issue. Although it is not clear from a plain reading of the exhibit itself, the undersigned has assumed for purposes of this Report and Recommendation that Petitioner indicated that he did not accept the Warden's decision on his Step 1 Grievance and wished to appeal.[5] See Petitioner's Exhibit H-4. However, no Step 2 grievance appeal form has been submitted as an exhibit, and Petitioner apparently does not contest that he never filed a Step 2 grievance appeal.

Finally, Petitioner has also submitted copies of the hearing transcript and Order of Dismissal of the ALC court which were submitted by the Respondent. See Petitioner's Exhibits H-5 and H-6.

## Discussion

Summary Judgment[6] shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled judgment as a matter of law. Rule 56, FRCP; see also, Habeas Corpus Rules 5-7, 11. Further, while the Federal Court is charged with liberally construing pleadings filed by a pro se litigant to allow the development of a potentially meritorious case; See Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972); the requirement of liberal construction does not mean that the Court can ignore a clear failure in the

---

[5]The markings on the form cover both the "accept" and "do not accept" boxes.

[6]Even though Respondent initially filed a motion to dismiss, as both parties have submitted numerous exhibits to the Court in support and opposition to Respondent's motion, the undersigned has considered the motion under the standard of a Rule 56 motion for summary judgment. Young v. F.D.I.C., 103 F.3d 1180, 1192 (4th Cir. 1997). The Roseboro order entered in this case on June 23, 2015 outlined the summary judgment standard.

pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Department of Social Services, 901 F.2d 387 (4th Cir. 1990). Here, Respondent contends that Petitioner is procedurally barred from presenting his claim in this Court because he failed to exhaust this claim under the prison administrative remedy procedures as well as before the state courts, and after a careful review and consideration of the arguments and exhibits presented, the undersigned is constrained to agree.

### I.

Petitioner's federal remedy of a writ of habeas corpus under either 28 U.S.C. § 2241 or § 2254 can only be sought after he has exhausted all of his remedies in the courts of the state of South Carolina. Picard v. Connor, 404 U.S. 270 (1971); Braden v. 30th Judicial Circuit Court, 420 U.S. 484, 490-491 (1973); Moore v. DeYoung, 515 F.2d 437, 442-443 (3d Cir. 1975). To exhaust state remedies in South Carolina, a state prisoner is required to use SCDC's hearing and grievance procedure to challenge a "disciplinary outcome, calculation of sentence-related credits, custody status, or other condition of imprisonment." See Al-Shabazz v. South Carolina, 527 S.E.2d 742, 753 (S.C. 2000); see also Goins v. Cartledge No. 14-3282, 2015 WL 4504030 at ** 1, 3 n. 2 (D.S.C. July 23, 2015). Accordingly, before Petitioner may proceed on this claim in this Court, he must first have exhausted the administrative remedies that were available to him at the prison.

The Respondent has the burden of showing that Petitioner failed to exhaust his administrative remedies. See Anderson v. XYZ Correctional Health Services, Inc., 407 F.3d 674, 683 (4th Cir. 2005) [inmate's failure to exhaust administrative remedies is an affirmative defense to be both pled and proven by the Defendant]; Jones v. Bock, 549 U.S. 199 (2007). To meet this burden, the Respondent has submitted a copy of the Order of the Administrative Law Court dismissing

6

Petitioner's appeal to that Court because he had failed to first exhaust his prison remedies by filing a Step 2 Grievance appeal. See Respondent's Exhibit D. Further, although Petitioner has submitted a copy of the denial of his Step 1 Grievance, he himself concedes in his brief that he then proceeded straight to the Administrative Law Court without filing a Step 2 grievance appeal. See Petitioner's Brief, p. 1. Hence, it is clear in the material filed with this Court that Petitioner failed to exhaust his prison administrative remedies before pursuing an appeal to the Administrative Law Court.

While Petitioner argues that he should nevertheless be deemed to have exhausted his administrative remedies because (he alleges) the Respondent "obstructed" his access to the courts, he has submitted no evidence, or even argument, to show that the Respondent prevented him from filing a Step 2 grievance appeal. Instead, he simply complains about his Step 1 grievance being dismissed as unprocessed based on a finding that he had failed to present a viable grievable issue. However, that is not an excuse for Petitioner not to have proceeded to the next level of the grievance process. Cf. Nyhuis v. Reno, 204 F.3d 65, 73 (3d Cir. 2000)["It is beyond the power of this court - or any other to excuse compliance with the exhaustion requirement, whether on the ground of futility, inadequacy or any other basis."](quoting Beeson v. Fishkill Corr. Facility, 28 F.Supp. 2d 884, 894-895 (S.D.N.Y. 1998)); Sullivan v. Coleman, No. 06-1588, 2006 WL 3759757, * 6 (D.S.C. Dec. 18, 2006)[Inmate abandoned grievances where he fail to properly complete and return Step 2 Inmate Grievance Form]. Rather, if Petitioner wished to contest the ruling in his Step 1 grievance, it was incumbent upon him to file a Step 2 grievance appeal and receive a decision thereon *before* pursuing a further appeal to the Administrative Law Court. See Respondent's Exhibit D; see also Blakely v. Tatarsky, No. 08-3609, 2009 WL 2922987 at * 5 (D.S.C. Sept. 1, 2009)["It appears, however, that the plaintiff did nothing after the grievance(s) were returned as either unprocessed or denied. . . .



7

Whether or not the plaintiff now has some legitimate argument as to why his grievances should have been processed is immaterial. He did not proffer that same argument to the defendants, as far as the Court has been informed. It cannot be said, in this case, that administrative remedies were simply unavailable to him."]. He failed to do so.

Therefore, the Respondent is entitled to summary judgment in this case based on Petitioner's failure to exhaust his prison remedies. Hyde v. South Carolina Dep't of Mental Health, 442 S.E.2d 582, 583 (1994) ["Where an adequate administrative remedy is available to determine a question of fact, one must pursue the administrative remedy or be precluded from seeking relief in the courts"]; Jordan v. Miami-Dade County, 439 F.Supp.2d 1237, 1241-1242 (S.D.Fla. 2006) [Remedies not exhausted where inmate did not appeal denial]; Spruill v Gillis, 372 F.3d 218, 227-232 (3d Cir. 2004) [Discussing necessity of pursuing all administrative remedies to the end]; Malik v. Sligh, No. 11-1064, 2012 WL 3834850, at * 4 (D.S.C. Sept. 4, 2012) ["A court may not consider, and must dismiss, unexhausted claims"].

## II.

Petitioner may contend that, as he was told that his guilty plea was a non-grievable issue, he was not required to complete the prison grievance process before filing this federal habeas petition. But see Respondent's Exhibit D; see also Jones v. Smith, 266 F.3d 399 (6th Cir. 2001) [exhaustion required even though plaintiff claimed futility]. However, even assuming for purposes of further discussion of Petitioner's claim that Petitioner is correct, his claim still fails. To exhaust state court remedies in South Carolina, an inmate must appeal the final decision of SCDC pursuant to the South Carolina Administrative Procedures Act ("APA"), S.C. Code An.. §1-23-310 through §1-23-400. See Al-Shabazz, 527 S.E.2d at 754-756. Under the APA, if an inmate is not satisfied

with the agency's final decision, the prisoner must first file an appeal with the Administrative Law Judge. See S.C. Code Ann. § 1-23-380; cf. Furtick v. S.C. Dep't of Corrections, 649 S.E.2d 35, 37-38 (S.C. 2007)[ALJ had jurisdiction over loss of good-time credits which inmate was unable to earn due to reprimand for a rule infraction]; see also Dicks v. S.C. Dep't of Corrections, No. 06-663, 2006 WL 1207851 (D.S.C. May 2, 2006).

As noted, following his conviction at the July 1, 2014 hearing, Petitioner filed a Step 1 grievance with the SCDC dated July 1, 2014, and file stamped July 3, 2014. See Petitioner's Court Docket No. 16-1, p. 4. Petitioner's Step 1 grievance was returned "unprocessed," on the ground that guilty pleas are non-grievable. Following the return of his Step 1 grievance, Petitioner did not appeal by filing a Step 2 grievance. Instead, Petitioner filed a Notice of Appeal with the ALC on July 15, 2014. The Administrative Law Judge thereafter dismissed Petitioner's ALC appeal, finding that before a Petitioner may "appeal a decision of the Department which jeopardizes his state - created liberty or property interests, he must first exhaust all administrative remedies. By failing to obtain a final decision from the Department, [Petitioner] failed to exhaust his administrative remedies and . . . thus failed to meet the requirements of the Administrative Procedures Act for review by this Court". See Respondent's Exhibit D [Order of Dismissal]. Respondent has also submitted a copy of a printout from the South Carolina Judicial Systems Appellate Case Management System, which Petitioner has not contested, showing that Petitioner did not appeal the ALC's December 2, 2014 Order of Dismissal to the South Carolina Court of Appeals. See Respondent's Exhibit C.

Appeals of disciplinary convictions filed by State prisoners are considered under § 2254 and are subject to the various limitations under that statute. See Meeks v. McCoy, No. 09-6208, 2010 WL 1050047 (4th Cir. Mar. 23, 2010)[Holding that § 2254's limitations period applied to



9

Petitioner's challenge of his disciplinary conviction]; Coady v. Vaughn, 251 F.3d 480 (3d Cir. 2001)[State inmate challenging execution of sentence must proceed under 28 U.S.C. § 2254, not 28 U.S.C. § 2241]. Under the rules applicable to § 2254 actions, because Petitioner failed to appeal the ALC's December 2, 2014 Order to the South Carolina Court of Appeals, he failed to exhaust his state court remedies with respect to this conviction. See S.C. Code § 1-23-380; Shock v. Padula, No. 10-783, 2010 WL 1655604 at **2-3 (D.S.C. Apr. 1, 2010), adopted by, 2010 WL 1655441 (D.S.C. Apr. 23, 2010). Since Petitioner did not appeal the ALC decision and exhaust his state court remedies, there are no current state remedies for Petitioner to pursue this issue, and his claim is barred from further state collateral review. Whiteley v. Warden, Wyo. State Penitentiary, 401 U.S. 560, 562 n. 3 (1971); Wicker v. State, 425 S.E.2d 25 (S.C. 1992); Ingram v. State of S.C., No. 97-7557, 1998 WL 726757 at **1 (4th Cir. Oct. 16, 1998); Josey v. Rushton, No. 00-547, 2001 WL 34085199 at * 2 (D.S.C. March 15, 2001); Aice v. State, 409 S.E.2d 392, 393 (S.C. 1991)[post-conviction relief]. See Coleman v. Thompson, 501 U.S. 722, 735, n.1 (1991); Teague v. Lane, 489 U.S. 288, 297-298 (1989).

Since Petitioner's claims were not properly pursued and exhausted in the state court, federal habeas review of these claims is now precluded absent a showing of cause and prejudice, or actual innocence. Wainwright v. Sykes, 433 U.S. 72 (1977); Waye v. Murray, 884 F.2d 765, 766 (4th Cir. 1989), cert. denied, 492 U.S. 936 (1989).

> In all cases in which a State prisoner has defaulted his Federal claims in State court pursuant to an independent and adequate State procedural rule, Federal Habeas review of the claim is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of Federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

10

Coleman, 501 U.S. at 750.

Petitioner may contend that he has "cause" for failing to exhaust because the Respondent "obstructed" his access to the courts by dismissing his Step 1 grievance as unprocessed based on a finding that he had failed to present a viable grievable issue. However, even assuming arguendo that Petitioner was somehow "excused" from filing his Step 2 grievance appeal in this case because of his guilty plea being a non-grievable matter, he has offered no cause as to why he failed to file an appeal of the Administrative Law Court's decision. See S.C. Code § 1-23-380; Shock, 2010 WL 1655604 at **2-3.[7] Cf. Saahir v. Collins, 956 F.2d 115, 118-119 (5th Cir. 1992)[holding that neither prisoner's pro se status nor ignorance of the law constitutes "cause"]; Stanley v. Lockhart, 941 F.2d 707, 710 (8th Cir. 1991)[Petitioner's lack of knowledge does not constitute sufficient cause to overcome the default.].

Therefore, Petitioner has failed to show cause for his procedural default on his claim. Rodriguez v. Young, 906 F.2d 1153, 1159 (7th Cir. 1990), cert. denied, 498 U.S. 1035 (1991) ["Neither cause without prejudice nor prejudice without cause gets a defaulted claim into Federal Court."]; cf. Cano v. Pettiford, No. 06-1906, 2007 WL 2579971, at * 3 (D.S.C. Sept. 4, 2007)[Failure to exhaust may only be excused by a showing of both cause and prejudice]. Further, Petitioner has also failed to make any showing that a fundamental miscarriage of justice will occur if this claim is not considered. Wainwright v. Sykes, supra; Murray v. Carrier, 477 U.S. 478 (1986); Rodriguez, 906 F.2d at 1159 [a fundamental miscarriage of justice occurs only in extraordinary cases, "where a

---

[7]While Petitioner offered no "cause", he did alternatively assert that he did not need to file an appeal from the ALC's decision, citing to Kiawah Resort Ass. v. S.C. Carolina Tax Comm'n, 458 S.E.2d 542 (S.C. 1995). However, that case, which involved tax issues, provides no support for Petitioner's argument.

11



constitutional violation has probably resulted in the conviction of one who is actually innocent"](citing <u>Murray v. Carrier</u>, 477 U.S. at 496); <u>Sawyer v. Whitley</u>, 505 U.S. 333, 348 (1992); <u>Bolender v. Singletary</u>, 898 F.Supp. 876, 881 (S.D.Fla. 1995). Hence, this claim is procedurally barred from consideration by this Court, and must be dismissed. <u>Id.</u>; <u>see</u> 28 U.S.C. § 2254.

### Conclusion

Based on the foregoing, it is recommended that the Respondent's motion be **granted**, and that this case be **dismissed**.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

August **6**, 2015
Charleston, South Carolina

### Notice of Right to File Objections to Report and Recommendation

The petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk of Court
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

